Gregory L. HUDSON, Plaintiff–
Appellant,

v.

IMAGINE ENTERTAINMENT CORPO-
RATION, Eddie Murphy, Universal
Pictures Corp., Defendants–Appellees,

Dwight Meyers, Brian Grazer,
Defendants.

No. 04–3576–CV.

United States Court of Appeals,
Second Circuit.

April 1, 2005. ·

Gregory L. Hudson, Springfield Gardens, NY, for Plaintiff–Appellant, pro se.

Richard Dannay (Thomas Kjellberg, on the brief), Cowan, Liebowitz & Latman, P.C., New York, NY, for Defendants–Appellees.

Present: WESLEY, HALL, Circuit Judges, and MUKASEY, District Judge.[1]

### SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff-appellant Gregory Hudson argues that the district court erred in granting summary judgment to the defendants and dismissing his claim. After undertaking *de novo* review of the district court judgment, we now affirm.

To succeed in an action for copyright infringement, a plaintiff "must first show that his or her work was actually copied." *Laureyssens v. Idea Group, Inc.,* 964 F.2d 131, 139 (2d Cir.1992). "If actual copying is established, a plaintiff must then show that the copying amounts to an improper appropriation by demonstrating that substantial similarity to protected material exists between the two works." *Id.* at 140. "If the similarity concerns only noncopyrightable elements of plaintiff['s] work, or no reasonable trier of fact could find the works substantially similar, summary judgment is appropriate." *Williams v. Crichton,* 84 F.3d 581, 587 (2d Cir.1996) (internal quotations omitted). In this case, we agree with the district court that "no reasonable jury, properly instructed, could find that the two works are substantially similar." *Arica Inst., Inc. v. Palmer,* 970 F.2d 1067, 1072 (2d Cir.1992). We therefore hold that the district court did not err in granting summary judgment.

Hudson further argues that the district court erred by dismissing his New York state law unfair competition claim. We agree with the district court that his unfair competition claim is preempted by federal law, as it does not "include any extra elements that make it qualitatively different from a copyright infringement claim." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.* 373 F.3d 296, 305 (2d Cir. 2004).

We have carefully considered Hudson's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.